## WOLTER v. HOUSTON OIL CO. OF TEXAS.
### No. 2641.

Court of Civil Appeals of Texas. Beaumont.
Oct. 2, 1934.

Rehearing Denied Oct. 10, 1934.

Hubbard, Dyer & Sorrell, of Corpus Christi, for appellant.

Williams, Lee, Sears & Kennerly, of Houston, Johns, McCampbell & Snyder, of Corpus Christi, and Fred W. Moore, of Houston, for appellee.

WALKER, Chief Justice.

This suit was tried in district court, Nueces county, by appellant, Otto Wolter, as plaintiff, against appellee, Houston Oil Company of Texas, as defendant, to recover damages for the failure of appellee to drill an offset well to protect drainage from a 40-acre tract of land, owned by appellant and held by appellee under a mineral lease containing the following express warranty: "Lessee agrees to protect the lands covered hereby from drainage through wells on adjoining lands, by the drilling of proper off-set wells, and in the event said lands are not so protected, to respond to lessor in actual damages arising on account of such failure."

On the verdict of the jury judgment was entered for appellee. The appeal was perfected to the San Antonio Court of Civil Appeals and transferred to this court by orders of the Supreme Court.

Appellant presents no assignment of breach of implied warranty, but rests his appeal upon the breach of the express warranty of the lease, copied above, which was merely to protect the 40 acres of land "from drainage through wells on adjoining lands." A well producing gas was brought in on another tract of land, 396.5 feet in a straight line from the northwest corner of the 40-acre tract. Appellee refused to drill an offset well. One defense was that the producing well was not on "adjoining lands"; that there was another tract of land between the 40-acre tract and the tract upon which was located the producing well. This issue was submitted to the jury and found in favor of appellee. Appellant assigns error against this finding, as being wholly without support in the evidence. That contention must be overruled. Appellant's Exhibit No. 6 shows the existence of an 80-acre tract of land, immediately north of the 40 acres and separating it from the tract upon which the producing well is located. This map was introduced by appellant and verified by one of his witnesses; thus appellant's own testimony raised the issue submitted to the jury. This finding by the jury forecloses the issues of this appeal in favor of appellee, sustaining the defense that the producing well was not on "adjoining lands."

For the reason stated, the judgment of the lower court is affirmed.